JAMES A. SMITH, Respondent, v. CARONDELET ELECTRIC LIGHT AND POWER COMPANY, Appellant.

St. Louis Court of Appeals, December, 19, 1893.

Conclusiveness of Verdict in an Action at Law. The verdict of the jury on questions of fact, submitted under proper instructions, is conclusive in an action at law, if it is supported by substantial evidence.

Appeal from the St. Louis City Circuit Court.—HON. DANIEL D. FISHER, Judge.

AFFIRMED.

H. D. Wood for appellant.

Seneca N. Taylor for respondent.

BOND, J.—This is an action for damages for breach of a contract for the delivery of ice. This contract was entered into on the twelfth day of April, 1892, between the respondent and the appellant. By the terms thereof the appellant agreed to sell and deliver to respondent fifteen hundred tons of good, merchantable ice in quantities of one car load per day, all of said ice to be delivered on or about the twentieth day of June, 1892; and agreed, further, that, if he had on hand a sufficient quantity of ice to enable him to deliver more than one car load per day, any amount so delivered in excess of one car load per day might be taken in addition to, or considered a part of, said fifteen hundred tons of ice, as respondent might elect. The

appellant further agreed to sell and deliver said ice for the sum of $2.20 per ton, except in case car loads should be delivered at appellant's plant; in that event all freight to Chouteau avenue to be deducted.

The respondent agreed to buy fifteen hundred tons of ice as above stated, and to pay for the same in cash on delivery. It was further agreed between the parties that appellant should not be liable for any damages arising from any failure to deliver said ice as above agreed, caused by any defect or failure in the operation of said company's ice plant to manufacture merchantable ice in sufficient quantities for delivery under this contract.

It was alleged in respondent's petition that he had paid on account of said contract the sum of $3,207.30; that appellant had only delivered to respondent eleven hundred and fifty-two tons and three hundred pounds, leaving a deficit of ice of three hundred and forty-seven tons and seventeen hundred pounds, to which respondent was entitled by the terms of said contract; that, on the twentieth of June, respondent extended the time, by agreement with appellant, for the delivery of ice under said contract at the rate of one car per day thereafter, until the entire contract was filled; that, on the twelfth of July, appellant ceased and refused to deliver any more ice; wherefore the respondent prayed judgment for the market value of the ice undelivered.

The answer of the appellant admitted the execution of the contract, and set up that by its terms appellant was to deliver, and respondent was bound to receive, said ice in quantities of one car load per day; that appellant commenced delivering the ice on April 15, and continued to deliver at the rate of one car load per day until April 20, when respondent requested appellant not to deliver any ice for a period of ten days; that appellant accordingly abstained from delivering ice during said

period of ten days-at respondent's request; that afterwards, on the thirteenth, fourteenth and fifteenth days of May, 1892, appellant again abstained from delivering ice at respondent's request; that, by reason of these acts, respondent waived the right to require the delivery of the quantity of ice which he was by the contract entitled to receive, to-wit, one car load of ice per day for thirteen days, amounting to two hundred and sixty tons of ice. The answer also set up the delivery of two hundred and thirteen tons of ice under the contract, which was in all respects of the quality therein called for, but that respondent claimed that it was not merchantable ice, and declined to receive it under the contract unless the price was reduced from $2.20 to $1 per ton; that thereupon appellant reduced the price to $1 per ton, and respondent received same under said contract. The answer further stated that appellant delivered eleven hundred and fifty-two tons of ice at the rate of one car load per day, as required by said contract; that after deducting from the fifteen hundred tons required to be delivered under said contract, *first*, the two hundred and sixty tons whose delivery was waived by respondent, *second*, the eleven hundred and fifty-two tons admitted to have been delivered, and *third*, the two hundred and thirteen tons accepted as under the contract, the result will show that appellant had delivered all of the ice which it had contracted to sell.

The respondent replied, denying the allegations of the answer, and stating that, on the twentieth of April, appellant's machinery was out of repair, and it was agreed between the parties that the delivery of the ice should be postponed for ten days, not, however, thereby interfering with the quantity called for under the contract; that, at the expiration of these ten days, appellant's machinery was in condition to make ice, but not

such as respondent was entitled to under his contract; wherefore for six days thereafter respondent, to accommodate the appellant, purchased ice at the rate of $1 a ton.

There was evidence tending to show that appellant made deliveries of ice under the aforesaid contract until April 20, when, by agreement, it ceased deliveries until May 12, when it again, by consent, ceased delivery until May 16. There was evidence tending to show that, after these suspensions, appellant delivered two hundred and thirteen tons of ice to respondent at the price of $1 per ton. The evidence was undisputed that appellant delivered eleven hundred and fifty-two tons and three hundred pounds of ice at $2.20 as prescribed in the contract. On July 7, 1892, appellant informed respondent that he considered his contract as about filled.

On the eighteenth of July appellant inclosed the following statement to respondent:

*Dear Sir:*—Below we hand you statement of ice shipped you, and also the basis upon which we consider our contract for one thousand five hundred tons with you as filled:

|  | $1.00 | $2.20 | $3.50 |
|---|---|---|---|
| April 12—30 | 79.1200 | 99.800 | |
| May 1—15 | 135.100 | 147.1100 | |
| May 16—31 | 78.100 | 263.1550 | |
| June 1—15 | | 259.1050 | |
| June 16—30 | | 195.500 | |
| July 1—12 | | 61.1800 | 124.1900 |
| | 292.1400 | 1029.800 | 124.1900 |

On contract:

| | |
|---|---|
| $2.20 ice........ ................. | 1029.800 tons |
| 1.00 ice made so by stoppage of shipments................ | 213.200 tons. |
| 13 days' stoppage at 20 tons per day... | 260.   tons. |
| | 1500.1000 tons. |

Ice shipped over and above contract... 124.1900 tons.

Yours truly,

CARONDELET ELECTRIC LIGHT & P. Co.,

Per F. W. MOTT, Secretary.

The evidence showed that respondent paid for ice to be delivered under said contract the sum of $3,207.30; $725.50 of which was paid on June 22, 1892, and receipted for by appellant as "*on account of contract.*" There was testimony tending to show that at the time of the letter and statement of date July 18, 1892, *supra*, respondent called at appellant's office, when he was informed that his contract was filled, and he then offered $2.25, $2.50 and $2.75 per ton for ice, which offer was refused, and the company offered to let him have ice at $3 per ton, and this offer respondent declined. Upon the trial there was a judgment in favor of respondent, from which the defendant has appealed; and it assigns as error, *first*, that the court erred in giving improper instructions for the respondent, and refusing proper instructions asked by appellant; *second*, that the court erred in refusing to set aside the verdict as excessive.

The theory of appellant is, that it was entitled to deduct from the fifteen hundred tons of ice, which it had contracted to sell and deliver, two amounts, to-wit: two hundred and sixty tons which respondent consented not to receive, and two hundred and thirteen tons (at $1 per ton), which respondent received as under the contract, though at a reduced price. Each of these defenses was submitted to the jury under the following instructions given for appellants:

"1. If the jury believe from the evidence that by the mutual consent of the parties the delivery of ice between April 20 and May 1, 1892, and May 13 and May 16, 1892, was waived, the plaintiff cannot recover for the nondelivery of such ice as defendant could and would, under the contract, have delivered during the periods aforesaid. In order to establish the waiver as aforesaid, no formal proposition made by one party and accepted by the other need to be shown, but the

fact that delivery was waived by mutual consent may be inferred from the conduct, acts and declarations of the parties given in evidence, if such conduct, acts and declarations satisfy the jury that such waiver was mutually agreed upon between the parties.

"2. If the jury believe that the plaintiff waived the delivery of a certain quantity of ice in April and May, 1892, and also accepted ice at a reduced rate in lieu of contract ice, and if you find that the quantity of ice received at a reduced rate, the delivery of which was waived, and the quantity of ice added to eleven hundred and fifty-two tons, equals or exceeds fifteen hundred tons, then your verdict should be for the defendant.

"3. If the jury believe from the evidence that from May 1 to May 6, 1892, inclusive, and May 16 to May 18, 1892, inclusive, the plaintiff received two hundred and thirteen tons and two hundred pounds of ice at a reduced rate as and for the car loads to be delivered during the period aforesaid under the contract, then defendant is entitled to credit on the fifteen hundred tons for the ice so delivered."

The verdict of the jury on the questions of fact submitted in the foregoing instruction was supported by substantial evidence, and is, therefore, conclusive, unless there was reversible error committed by the court in the instructions given or refused.

After an examination of the instructions given and refused by the court, we do not think, under the evidence, that any prejudicial error was committed. Instruction number 1, given for respondent, was, as to the sufficiency of facts, stated to constitute waiver "*as to the time within which the contract for delivery of said ice was to be fulfilled.*" The undisputed evidence showed that, although the delivery of the ice, according to the terms of the contract, was to be made "*by or*

*about the twentieth day of June, 1892,* yet, on the twenty-second day of June, 1892, appellant receipted for $727.50 *"on account of contract."* If it be conceded that there was technical error in the instruction, in so far as it assumed the twentieth day of June to be the date of expiration of the contract, yet it was evidently a harmless one, because the time, *i. e.* twenty-second of June, 1892, when appellant receipted for the money, was at a period when the contract could have reasonably been held to be ended, unless something had been done indicating an intention to prolong its existence.

Under the evidence of the large payment then made, and the surplus of money then in appellant's hands, and the continued delivery (as shown by appellant's statement) of *contract ice* up to July 12, 1892, we cannot see how the jury could have been misled by the reference, in the instructions complained of, to June 20, 1892, as the date after which acts of waiver might be found by the jury.

Nor do we think the instruction was defective in requiring appellant to prove its defense of waiver. The execution of the contract sued on obligated appellant to deliver *all* the ice therein sold. Appellant could only *avoid* the effect of its contract by affirmative proof of the matter set up in avoidance. This is all that the instructions required, and, when considered with the instructions, *supra*, given for appellant, placed the question as favorably as the appellant could demand.

We have examined the other objections to the instructions herein. Our conclusion is that the case was fairly presented to the jury. We do not think, under the evidence, the verdict is excessive. The judgment herein is affirmed. Judges ROMBAUER and BIGGS concur in the result.